UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EBM-PAPST, INC, et al., | : | |
|         Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : | 3:08-cv-0549 (JCH) |
| | : | |
| AEIOMed, Inc., | : | |
|         Defendant. | : | FEBRUARY 5, 2009 |

**RULING RE DEFENDANT'S RENEWED MOTION TO DISMISS (Doc. No. 45) OR
TRANSFER VENUE (Doc. No. 47)**

**I.      INTRODUCTION**

The plaintiffs, ebm-papst Inc. ("ebm-NA") and ebm-papst SEA PTE. LTD ("ebm-

Singapore), bring this action against the defendant, AEIOMed, Inc., asserting breach of

contract claims related to unpaid purchase orders.  AEIOMed now moves under Fed. R.

Civ. P. 12(b)(2) to dismiss the Amended Complaint for lack of personal jurisdiction, and,

in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404.  For the following

reasons, AEIOMed's Motion to Dismiss is DENIED as moot and the Motion to Transfer

Venue is GRANTED.

**II.     FACTS**

AEIOMed is a Minnesota corporation located in Minneapolis.  AEIOMed is a

manufacturer of continuous positive airway pressure ("CPAP") machines, which are

medical devises used to treat sleep apnea.

Ebm-NA is a Connecticut corporation with a principal place of business in

Farmington, Connecticut.  Ebm-Singapore is a Singapore corporation with a principal

place of business in Singapore.  Plaintiffs custom manufacture blower units.  These

blower units are used in the CPAP machines manufactured by the defendant.

Plaintiffs' Amended Complaint arises out of a claim that AEIOMed breached its contractual obligations.  On or about August 22, 2006, plaintiffs entered into an agreement with AEIOMed whereby plaintiffs would manufacture blower units for purchase by AEIOMed ("Agreement").  Beckwith Decl.¶ 4.  The Agreement was sent to AEIOMed for acceptance at its Minnesota address, was negotiated by AEIOMed from Minnesota, and by plaintiffs from Connecticut.  At no time during the negotiation, or during performance of the contract, did anyone from AEIOMed go to Connecticut.  Id.

AEIOMed placed its orders from its Minnesota office directed to ebm-NA, in either Connecticut or through its representative in Minnesota, or to ebm-Singapore in Singapore.  Fleischhacker Decl. ¶ 6.  The blower units that were sold by plaintiffs were manufactured in Germany.  Id.  The parts were then shipped to Connecticut or Singapore, depending on which plaintiff company initiated the order.  Id.  From there, the parts were shipped to AEIOMed in Minnesota for assembly in final products.  Id.  Those items ordered from ebm-Singapore were first shipped to Indonesia for subassembly by a manufacturer contracting with AEIOMed and then to Minnesota for finishing and boxing.  Id; see also Fleischhacker Tr. at 74/6-10.  Once assembly is complete, the products are sold through AEIOMed's distributors or dealers.  Fleischhacker Decl. ¶ 6.  AEIOMed's products are sold to independent dealers or distributors, rather than directly to customers.  Fleischhacker Decl. ¶ 4.  None of these distributors are located in Connecticut.  Id.

During the relevant time period, AEIOMed had distribution agreements with two

separate distributors.[1]  Invacare was its distributor from August 2006 until January

2007.  Invacare had its headquarters in Ohio and no facilities in Connecticut.  It

distributes nationally.  Evo Medical was the distributor from March 2007 until March

2008.  Evo Medical also did not have any offices in Connecticut, but distributes

nationally.[2]  The distributors do not share their sales records or customer lists with

AEIOMed so AEIOMed is unable to determine whether the distributors sold CPAP

machines to consumers in Connecticut.  Id. at 20/18-22.  The only time it has

knowledge of where the consumer lives, or bought the machine, is if a consumer had a

defective part and AEIOMed needed to ship them a replacement.  Id. at 23/8-24/2.

   AEIOMed also sold CPAP machines to many internet-based, home medical

device providers who could ship the product anywhere in the United States or

internationally.  Id. at 24/7-19.  AEIOMed does not know if its internet providers ship or

have customers in Connecticut, but does know that the providers will ship to wherever

they get a sale.  Id. at 26/18-22.

   During the relevant time period, AEIOMed has not made any direct sales in

---

[1] Prior to the commencement of this lawsuit and the formation of the Agreement between the parties, AEIOMed sold its products through independent sales representatives who would sell the CPAP machines to equipment companies, who would then sell the machines to consumers.  During this time, AEIOMed had one independent sales representative who covered New England, including Connecticut.  This representative was terminated in July 2006.  The Agreement in this case was not entered into until August 2006.

[2] Since March 2008, AEIOMed has sold its products through independent sales representatives, none of which are located in Connecticut.  Fleishchhacker Tr. 47/13-25. This action concerns an Agreement made in August 2006 and purchase orders from July and September 2007.  The one month - - between the time that AEIOMed switched from distributors to sales representatives and the time that plaintiffs brought this action - - does not impact the court's personal jurisdiction analysis, especially given the fact that there are no sales representatives in Connecticut and the purchase orders were in mid-2007.

Connecticut.[3]  AEIOMed does not do any advertising in Connecticut, and it is not registered to do business in Connecticut.

The relationship between plaintiffs and AEIOMed required that AEIOMed make telephone calls, send emails, send notice of defects, and send partial payments to Connecticut.  Beckwith Decl.¶ 7.  The invoices sent by plaintiffs to AEIOMed contained language on the back that stated, "This contract and transaction shall be construed according to the law of the State of Connecticut."  See id. at Exh. B.

Plaintiffs seek payment for purchase orders made by AEIOMed on July 6, 2007 and September 5, 2007, for the manufacture of quantities of various blower units pursuant to the Agreement entered into by the parties.  Plaintiffs allege that due to the breach of contract, AEIOMed has an unpaid balance totaling $193,676.85.  AEIOMed disputes that there was a breach of contract, claiming that the products manufactured by plaintiffs failed to meet specifications and failed to perform as agreed.  Fleischhacker Decl. ¶ 7.

## III.   STANDARD OF REVIEW

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001).  However, as the Second Circuit explained in Ball v. Metallurgie Hoboken-

---

[3]  AEIOMed has made two sales to Connecticut.  The first sale was a direct sale in May 2008 that did not require a sales representative and did not result from solicitation by AEIOMed in Connecticut. Fleischhacker Decl. ¶ 4.  AEIOMed made another sale in July 2008, but it was not a direct sale. Fleischhacker Tr. 23/8-24/2.  Both of these sales occurred after this lawsuit commenced.  "It is well established that jurisdiction is to be determined by examining the conduct of the defendants as of the time of service of the complaint."  Greene v. Sha-Na-Na, 637 F.Supp. 591, 595 (D. Conn. 1986)(finding that plaintiff could not base jurisdiction on contacts that occurred after the complaint was filed.)

Overplet, S.A., 902 F.2d 194, 197 (2d Cir. 1990),

> "the nature of the plaintiff's obligation varies depending on the procedural posture of the litigation.  Prior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith . . . legally sufficient allegations of jurisdiction.  At the preliminary stage, the plaintiff's prima facie showing may be established solely by allegations.  After discovery, the plaintiff's prima facie showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant.  At that point, the prima facie showing must be factually supported."

(internal quotations omitted); see also Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001)(quoting Ball).

Where, as here, discovery has not been completed, and no "full blown evidentiary hearing has been held," Johnsen, Fretty, & Co. v. Lands South, LLC, 526 F.Supp2d 307, 310 (D. Conn 2007), a plaintiff may establish a prima facie basis for personal jurisdiction through his "own affidavits and supporting materials, containing an averment of facts, that if credited would suffice to establish jurisdiction over the defendant." Whitaker, 261 F.3d at 208. (internal quotations omitted).  When the issue is addressed on affidavits, "all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor, notwithstanding a controverting presentation by the moving party." A.I. Trade Finance, Inc., v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

In deciding whether personal jurisdiction is authorized, the court must first look to the long arm statute of the forum state, in this instance Connecticut.  Whitaker, 261 F.3d at 208.  If the long arm statute reaches the defendant, the court must then decide whether the exercise of jurisdiction comports with the requisites of due process.  Id.

5

IV.     **DISCUSSION**

A. <u>Motion to Dismiss</u>

Plaintiffs assert that this court has personal jurisdiction over AEIOMed because Connecticut's Long Arm Statute reaches them.  Indeed, sections 33-929(e) and (f) of the Connecticut General Statutes, provide for the exercise of personal jurisdiction over foreign corporations.  Connecticut's corporations long arm statute provides, in pertinent part:

> (e) Every foreign corporation which transacts business in this state in violation of section 33-920 shall be subject to suit in this state upon any cause of action arising out of such business.
>
> (f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state . . . ; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers . . . .

Specifically, plaintiffs argue that sections 33-929 (e), (f)(1), and(f)(3) confer jurisdiction over AEIOMed because it transacted business in Connecticut, it reasonably anticipated that its CPAP machines would be used and consumed in Connecticut, and performance of the parties' Agreement occurred in Connecticut.

1.     Personal Jurisdiction pursuant to section 33-929(e)

To establish jurisdiction under section 33-929(e), a plaintiff must establish that its causes of action arises out of the business that the foreign corporation conducted in Connecticut.  AEIOMed's conduct in selling CPAP machines to national distributors and

6

sales representatives that may or may not do business in Connecticut cannot be considered "transacting business" in Connecticut.  "The term 'transacting business' is not broadly interpreted in Connecticut."  Chemical Trading, Inc. v. Manufacture de Produits Chimiques de Tournan, 870 F. Supp. 21, 23 (D. Conn. 1994); see also Electric Regulator Corp. v. Sterling Extruder Corp., 280 F.Supp. 550, 554 (D.Conn. 1968)(noting that, in Connecticut, "transacting business" is not interpreted in the broadest sense constitutionally permissible).  Conn.Gen.Stat. § 33-920(b) provides that: "[t]he following activities, among others, do not constitute transacting business . . . (11) transacting business in interstate commerce."  AEIOMed's conduct in selling, outside of Connecticut, to distributors who do business in Connecticut, would appear to fall within this definition of interstate commerce.  See Marvel Products, Inc. v. Fantastics, Inc., 296 F.Supp. 783, 787 (D.Conn. 1968)(finding out-of-state sales by defendant to retailers who sold products in Connecticut was an insufficient basis for jurisdiction under transacting business standard).  Therefore, Conn. Gen. Stat. § 33-929(e) does not provide a jurisdictional basis for plaintiffs' suit.

      2.     Personal Jurisdiction pursuant to section 33-929 (f)(1)[4]

The relevant language of section 33-929(f)(1) provides that the contract has to be "made in this state . . . or performed in this state."  Moreover, if the contract in

---

[4] The court notes that ebm-Singapore is not a resident of Connecticut and thus may not invoke section 33-929(f)(1) of the Connecticut long-arm statute in order to confer jurisdiction over AEIOMed. See generally Estate of Luis A. Nunez-Polanco v. Boch Toyota, Inc., 339 F.Supp.2d 381, 383 (D. Conn. 2004) ("the Connecticut long-arm statutes do not confer jurisdiction over actions committed by a nonresident party against another nonresident.").  However, unlike section 33-929(f), section 33-929 (e) allows jurisdiction over nonresident corporations regardless of the plaintiff's residence.  Because the court determined that AEIOMed was not "transacting business" as defined by the Connecticut long arm statute, the court will only consider jurisdiction as invoked by ebm-NA because it is a Connecticut corporation and is, therefore, the only plaintiff that can invoke section 33-929(f).

question clearly contemplates and requires performance in Connecticut, the long arm statute reaches the defendant corporation.  See Johnson, Fretty & Co., 526 F.Supp.2d at 312 (D. Conn. 2007)(citing numerous cases in the District and Connecticut Superior Courts so holding).

Plaintiffs argue that section 33-929(f)(1) reaches AEIOMed for two reasons. First, plaintiffs claim that, because the invoices have a choice of law provision, the Agreement contemplates performance in Connecticut.  Second, plaintiffs contend that AEIOMed's partial payments to Connecticut are sufficient to confer jurisdiction. Plaintiffs contend that Connecticut's long arm statute reaches AEIOMed because performance of the parties' Agreement occurred in Connecticut.  The Agreement, according to the plaintiffs, required AEIOMed to send payments to Connecticut, which AEIOMed did by sending partial payments for the blower units via mail to Connecticut. The invoices generated by plaintiff to receive payments contained language on the back that stated, "This contract and transaction shall be construed according to the law of the State of Connecticut."  See Beckwith Decl. Exh. B.  AEIOMed states that the invoices were not part of the Agreement, and they were not alleged in the Amended Complaint.  It further contends that nothing in the Agreement contemplated performance in Connecticut.

In support of their arguments, plaintiffs rely on Johnson and Teleco Oilfield Servs. Inc., v. Skandia Ins. Co., 656 F.Supp.753 (D. Conn. 1987).  In Johnson, the court considered choice of law language contained in the agreements between the parties as one of many reasons that the agreements contemplated performance in Connecticut.  526 F.Supp.2d at 312.  In Teleco, the court found that plaintiff's payment

8

of insurance premiums from Connecticut constituted performance of the contract within Connecticut.  656 F.Supp. at 757  While these cases appear to support plaintiffs claims on their face, these cases are distinguishable from the facts of this case.

First, in addition to the fact that the contract in Johnson contained a choice of law provision, the Johnson court also relied on a showing by the plaintiff that it performed its contractual obligations in Connecticut.  For instance, the plaintiff, inter alia, made "numerous telephone calls, faxes, emails, and mailings to and from the defendants, . . . invested significant hours of reviewing and analyzing the detailed information forwarded by defendants," and "engaged in sales negotiations with potential buyers."  526 F.Supp.2d at 312.  In all, the court listed ten examples of how the plaintiff, located in Connecticut, performed its contractual duties in Connecticut.[5]  Id.  Further, unlike in Johnson, the Agreement in this case does not contain a choice of law provision; only the invoices created by plaintiffs did.  The Johnson court makes it clear that, even if the court were to construe the choice of law language contained in the invoice as sufficient to show that the Agreement contemplated performance in Connecticut, there remains insufficient additional evidence.  Therefore, the choice of law provision in the invoices is not enough to constitute performance of the Agreement in Connecticut such as to confer personal jurisdiction over AEIOMed.

The partial payments made to Connecticut, without more, are also insufficient to constitute performance of the contract pursuant to section 33-929(f)(1).  Plaintiffs are

---

[5] The court notes that, for the purposes of applying the long arm statute, the relevant contractual performance "need not be that of the party over whom jurisdiction is sought."  Johnson, 526 F.Supp.2d at 312.

9

correct in asserting that the <u>Teleco</u> court found that the plaintiff's payment of insurance premiums made from their offices in Connecticut constituted performance of the contract.  656 F.Supp. at 757.  Indeed, "[t]he Connecticut Supreme Court's holdings . . . make evident that contract performance may be found to satisfy statutory long arm requirements where an item either is sent or received, so long as the defendant's other contacts with the state satisfy due process requirements."  <u>Veritas-Scalable Inv. Prods. Fund, LLC v. FB Foods</u>, 2005 U.S. Dist. LEXIS 16672 *13 (D. Conn. 2005)(citing <u>Lombard Bros. Inc. v General Asset Mgmt</u>, 190 Conn. 245 (1983) and <u>Thomason v. Chemical Bank</u>, 234 Conn. 281, 291(1995)).  However, the contract in <u>Teleco</u> provided for more contacts in Connecticut than just payment of the premiums.  For instance, Teleco was required to make quarterly reports from Connecticut, and the defendant had the right to inspect Teleco's books in Connecticut, which it did on at least one occasion. 656 F.Supp. at 756.  Thus, in <u>Johnson</u> and <u>Teleco</u>, in addition to payments and communications being made to and from Connecticut as part of the contractual obligations, there was also other evidence that the defendants in those cases had contacts with Connecticut.  It cannot be said on the record before this court, even construed in the light most favorable to the plaintiffs, that AEIOMed has "other significant contacts" with Connecticut.  <u>Lombard Bros.</u>, 190 Conn. at 256-7.  Therefore, there is not a sufficient basis for the exercise of jurisdiction over AEIOMed pursuant to section 33-929(f)(1).

                3.      Personal Jurisdiction pursuant to section 33-929 (f)(3)

Section 33-929(f)(3) "provides for personal jurisdiction for a cause of action arising out of the distribution of goods by a corporation with the reasonable expectation

that the goods are to be used in Connecticut and are used in Connecticut." <u>Criscitelli v.</u> <u>Prolime Boats</u>, 2004 U.S. Dist Lexis 17606 *7 (D. Conn. 2004).  Plaintiffs contend that AEIOMed is subject to personal jurisdiction in Connecticut because, pursuant to Conn. Gen. Stat. § 33-929(f)(3), AEIOMed distributes its goods with a reasonable expectation that they will be used in Connecticut.  Plaintiffs argue that AEIOMed reasonably anticipated that its CPAP machines would be used and consumed in Connecticut because it made direct sales to Connecticut and knew that its distributors were selling its products to consumers in Connecticut.  In response, AEIOMed argues that section 33-929(f)(3) does not apply to it because the cause of action, in this case breach of contract for payments for blower units, does not arise out of the production, manufacture, or distribution of its CPAP machines.  Instead it arises out of its agreement to buy blower units from the plaintiffs, which were component parts of the CPAP machines.

It is true that section 33-929(f) "does not require that a party transact business within the state to be subject to suit," but it does require "a nexus between the cause of action alleged and the conduct of the defendant within the state." <u>Tomra of North</u> <u>America v. Environmental Products Corp.</u>, 4 F.Supp.2d 90, 93 (D. Conn. 1998).  The language in the long-arm statute states that the cause of action must arise "out of the production, manufacture, or distribution of goods" by AEIOMed, in this case, CPAP machines.

Plaintiffs cite <u>Broadcast Mktg. Int'l v. Prosource Sales and Mktg.,Inc.</u>, 345 F.Supp.2d 1053 (D. Conn. 2004) and <u>Ensign-Bickford Co. v. ICI Explosives U.S.A, Inc.</u>, 817 F.Supp. 1018 (D.Conn. 1993) for the proposition that the type of cause of action

11

does not matter and that section 33-929(f)(3) would apply to AEIOMed in this case.

The Ensign-Bickford court made it clear that section 33-929(f)(3) applies to any cause

of action concerning the production, manufacture, or distribution of a defendant's

product.  Id. at 1028. (holding that "the 'reasonable expectation' element of the

Connecticut long-arm statute can provide a basis for personal jurisdiction in a

patent-infringement case.")  In Broadcast, there was no dispute that the cause of action

arose out of the defendant's distribution of its products to the Connecticut market.  345

F.Supp.2d at 1059.  In Broadcast, the plaintiff alleged that defendant was using its

trademarks in connection with its distribution of digital media in Connecticut.  Id. (stating

that "Broadcast filed trademark infringement claims and unfair practice claims, which

arose directly from [plaintiff's] sales to Connecticut customers.")  Unlike in Broadcast,

the cause of action does not arise out of AEIOMed's distribution of AEIOMed's

products.  The cause of action must relate to the production, manufacture, or

distribution of AEIOMed's CPAP machines, which is not the case here.  The cause of

action in this case is for breach of contract related to the production of blower units

made by plaintiffs.  The alleged breach of contract for payment of blower units does not

relate to the production, manufacture, or distribution of the CPAP machines.  Thus,

personal jurisdiction pursuant to 33-929(f)(3) fails as a matter of law.[6]        Because the

---

[6] Plaintiffs further claim that section 33-929(f)(3) of the Connecticut long arm statute reaches the AEIOMed because it had a "reasonable expectation" that their CPAP units, of which the blowers are a part of, would be consumed in Connecticut.  The court need not address this argument because it found, as a matter of law that section 33-929(f)(3) does not reach AEIOMed because the cause of action does not arise out of AEIOMed's production, manufacture, or distribution of goods.

Connecticut long arm statute does not reach AEIOMed,[7] this court cannot exercise jurisdiction over it.  Thus, there is no need to address whether jurisdiction over AEIOMed Since March 2008, AEIOMed has sold its products through independent sales representatives, none of which are located in Connecticut.  Fleischhacker Tr. 47/13-25 violates due process.

Because this case was brought in a district that cannot exercise jurisdiction, the court may transfer the case, pursuant to 28 U.S.C. 1406(a), to any district in which this case could have been brought.  "[L]ack of personal jurisdiction [can] be cured by transfer to a district in which personal jurisdiction [can] be exercised, with the transfer authority derived from . . . [§ ] 1406(a) . . . ."  SongByrd, Inc. v. Estate of Grossman, 206 F.3d 172, 179 n.9 (2d Cir. 2000).  AEIOMed represents that this case can be brought in the District of Minnesota as it is headquartered and incorporated in Minnesota.  This court concludes that it is in the interest of justice to transfer the case rather than to dismiss it.

## V.    CONCLUSION

For the forgoing reasons, AEIOMed's Motion to Transfer Venue is accordingly GRANTED (Doc. No. 47) and the Motion to Dismiss (Doc. No. 45) is DENIED as moot. The Clerk is directed to transfer this case to the United States District Court for Minnesota.

---

[7] It bears noting that section 33-929(f) requires that the plaintiff be a resident of Connecticut.  Had the court found jurisdiction reached AEIOMed under this section of the statute, only ebm-NA, a Connecticut corporation, and not ebm-Singapore, a Singapore corporation, would have been able to maintain an action in this court.

13

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 5th day of February, 2009.

_____

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

14